Reed, P. J.,
delivered the opinion of the court.
The court erred in holding that a recovery could be had upon a quantum meruit for a part of the contract work. The contract was in writing, entire. In order to entitle the plaintiff to recover at all, he must have shown either performance, or that the contract had been rescinded, or that the performance was rendered impossible by the wrongful acts and conduct of the defendants. On establishing either of the two latter facts, a quantum meruit recovery could have been had, not otherwise. Neither of these propositions were established by the evidence. Klein having failed to prosecute his work and complete it according to the terms of the contract, and giving as a reason his inability to get skilled mechanics, made the employment of the extra men by the owner a necessity. The act of employment was not rescission on the part of the owner, nor legal cause for rescission by the contractor. The wages of the men employed or the excess over the prices paid by the contractor was trifling and could have been readily adjusted.
Klein’s contention was that Gast should pay the entire wages without cost to him, while he should receive the benefit of their labor. Upon the refusal of Gast he abandoned and withdrew. The claim of Klein was trivial, technical and inequitable. The key to the whole matter appears in the testimony of Klein. He said, “ I took the whole job at $1,155, and *310 very soon discovered that I had taken it too low,” and it is evident from all the evidence in the ease that he was seeking some legal excuse for abrogating the contract.
The entire testimony shows that Gast did not wish or consider the contract of Klein at an end, but insisted upon its performance, and that what was done in securing help was to assist in its completion when Klein had frequently stated his inability to secure men.
The authorities are conclusive and unanimous that under the circumstances of this case no recovery upon a quantum meruit or decree of a lien could have been had. 2 Pars, on Cont., secs. 678, 679; Davis v. Hubbard, 41 Wis. 408; Bloomer v. Bernstein, L. R. 9 C. P. 588; Morgan v. Bain, L. R. 10 C. P. 15; Malbone v. Birney, 11 Wis. 107; Palm et al. v. O. & M. R. Co., 18 Ill. 217; Sickels v. Pattison, 14 Wend. 257; Phelps v. Sheldon, 13 Pick. 50; Planche v. Colborn, 8 Bing. 14; Goodman v. Pocock, 15 Q. B. 576 ; United States v. Behan, 110 U. S. 339.
That there could be no lien decreed, see Kenny v. Sherman, 28 Ill. 520; Bank v. Dashell, 25 Gratt. (Va.) 616; Vail v. Meyer, 71 Ind. 159; Grogan v. Mayor of N. Y., 2 E. D. Smith, 693.
It is evident that the court misapprehended the law controlling the case, and the judgment and decree of a lien against the property must be reversed.
I am clearly of the opinion that Gast was, under the evidence, entitled to a judgment upon his cross complaint for the damages shown to have been sustained by the failure of Klein to perform his contract.
The judgment and decree reversed.

Reversed.